IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES LEE LIKE, #51922, | ) | |
|         Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:08-CV-2005-M |
| | ) | ECF |
| NATHANIEL QUARTERMAN, Director, | ) | |
| TDCJ-CID, | ) | |
|         Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge follow:

**Factual Background:**

This is a habeas corpus proceeding brought under 28 U.S.C. § 2254. Petitioner is in the custody of the Nevada state correctional authorities. Respondent is Nathaniel Quarterman, Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

On November 4, 1983, Petitioner pled guilty to forgery in the 291st Judicial District Court, Dallas County, Texas. Petitioner was sentenced to two years imprisonment. Petitioner did not appeal his conviction.

Petitioner argues that his 1983 Dallas County conviction was unlawful because: (1) the indictment was defective; (2) he is actually innocent; (3) there is a fatal variance between the

indictment and the proof; (4) his guilty plea was not knowingly and voluntarily made; and (5) he received ineffective assistance of counsel.

In 1996, Petitioner was found guilty of grand larceny auto in Clark County, Nevada. (Pet. Ex. E). Petitioner states that his 1983 Dallas County conviction was used to enhance his Nevada conviction. Petitioner states he was therefore considered a "habitual offender" and was sentenced to life imprisonment without the possibility of parole. Petitioner therefore seeks habeas corpus review of his 1983 conviction.

**Discussion**:

A federal court may consider a writ of habeas corpus only "on behalf of a person *in custody* . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). The United States Supreme Court has construed the "in custody" language to require that a habeas petitioner be in custody under the challenged conviction at the time the petition is filed. *Maleng*, 490 U.S. at 490-91 (citing *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)).

The Supreme Court further clarified the "in custody" requirement in *Lackawanna County District Attorney v. Coss*, 532 U.S. 394 (2001). In *Lackawana*, the Court held that where a petitioner was no longer in custody pursuant to his 1986 convictions, he could not bring a federal habeas petition directed solely at those convictions. *Id*. at 401. The Court also held, however, that because the petitioner was in custody for a 1990 conviction, he could bring a challenge to the 1990 conviction as enhanced by the 1986 convictions. *Id*. at 401-02. In this case, Petitioner is no longer in custody on his 1983 conviction and his petition challenges only that conviction.

He does not challenge his enhanced 1990 conviction for which he is currently in custody. The petition should therefore be dismissed for lack of jurisdiction.

**RECOMMENDATION**

For the foregoing reasons, the Court recommends that the District Court dismiss the petition with prejudice for lack of jurisdiction.

Signed this 25th day of November, 2008.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

The United States District Clerk shall serve a copy of these findings and recommendations on Petitioner. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendations must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings and recommendations to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. The failure to file such written objections to these proposed findings and recommendations shall bar that party from a *de novo* determination by the district court. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985). Additionally, the failure to file written objections to proposed findings and recommendations within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).